UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ABELLA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M.D. BITER,<br><br>　　　　　Respondent. | No. 2:15-cv-0424 JAM KJN P<br><br><br>ORDER |

I. Introduction

　　Petitioner is a state prisoner proceeding, pro se and in forma pauperis, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises three claims: two claims alleging ineffective assistance of trial counsel, and a third claim alleging violation of his Sixth Amendment right to confront witnesses. (ECF No. 1 at 5-7.) Pursuant to court order, respondent filed an answer and lodged the state court records. Instead of filing a traverse, petitioner filed a motion to stay and abey this action. Respondent did not file an opposition.

II. Background

　　On October 30, 2009, petitioner was convicted of first degree murder with special circumstances and sentencing enhancements, second degree robbery, and torture. (Respondent's Lodged Document ("LD") 1.) On August 27, 2010, petitioner was sentenced to an indeterminate state prison term of life without the possibility of parole, plus one year. (LD 1.)

1

Petitioner was 17 years old at the time of the murder.  (Clerk's Transcript ("CT") at 273.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the one-year statute of limitations period for filing a federal habeas corpus petition typically begins to run on "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1) (A) (1996).[1]  A judgment becomes final when a petitioner's "conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review."  Burton v. Stewart, 549 U.S. 147, 156-57, 127 S. Ct. 793 (2007).  Here, the California Supreme Court denied the petition for review on January 3, 2013.  Thus, petitioner's conviction became final ninety days later, on July 10, 2013, when the time for seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).

Petitioner has exhausted the three claims contained in the instant petition.

III.  Motion to Stay and Abey

In his unverified motion, petitioner seeks a stay because his request for re-sentencing under Miller v. Alabama, 132 S. Ct. 2455 (2012),[2] is presently pending in the Sacramento County Superior Court.  Petitioner states that he filed a request for appointment of counsel, and that his trial counsel was "re-assigned for the re-sentencing phase and on July 10th, 2015, the first hearing was held and put off for a couple of months."  (ECF No. 24 at 1.)  Petitioner explains that his federal petition was prepared by a prison paralegal, but that once the paralegal transferred, petitioner discovered he is entitled to re-sentencing under Miller.  Petitioner asks the court to stay this action until after his re-sentencing so that if he is not fairly re-sentenced, he may amend his petition to add the claim to his federal petition.

////

---

[1] The statute of limitations may begin to run at a later date.  See 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

[2] "[T]he Supreme Court's decision in Miller v. Alabama, ⎯⎯ U.S. ⎯⎯, 132 S. Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), . . . held that the Eighth Amendment prohibits a juvenile homicide offender from being subjected to a mandatory sentence of life in prison without parole."  United States v. Bryant, 609 F. App'x 925, 926 (9th Cir. 2015).

There are two procedures available to federal habeas petitioners who wish to proceed with both exhausted and unexhausted claims. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

The first procedure is known as the "Kelly procedure," based on Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). The Ninth Circuit Court of Appeals has described the "Kelly procedure" as a three-step process:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). The instant petition, asserting only an exhausted claim, satisfies the first step under Kelly.

Significantly, "the Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under AEDPA's statute of limitations.[3] Id. at 1140-41. Thus, the Kelly procedure, in contrast to the Rhines procedure (see n.1, above), does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal court. King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

If a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim does not "relate

---

[3] AEDPA's limitation period is calculated from the "latest" of four commencement dates. See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1)(B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review); and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

1  back" to the original petition simply because it arises from "the same trial, conviction, or
2  sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005).  Rather, the new claim must be of the
3  same "time and type" as the original exhausted claims, and share a "common core of operative
4  facts" with those claims.  Id. at 659.

5  The second procedure was set forth by the Supreme Court in Rhines v. Weber, 544 U.S.
6  269, 277 (2005).  Under the Rhines procedure, a district court may stay a petitioner's "mixed
7  petition" (containing both exhausted and unexhausted claims), while petitioner returns to state
8  court to exhaust his unexhausted claims.  Id. at 277-78; see also King, 564 F.3d at 1140.  A stay
9  under Rhines is appropriate only when petitioner has demonstrated good cause for failing to
10 previously exhaust his claims in state court, and is not available if the unexhausted claims are
11 "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay."
12 Rhines, 544 U.S. at 277-78.  "[B]oth Kelly and Rhines are directed at solving the same problem --
13 namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion
14 requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

15 As an alternative to the two procedures described above, district courts have both inherent
16 and statutory authority to stay proceedings before it.  See Landis v. N. Am. Co., 299 U.S. 248,
17 254, 57 S. Ct. 163 (1936); see also McFarland v. Scott, 512 U.S. 849, 857-58 (1994).  Such
18 authority must be exercised within constitutional limits.  Rohan ex rel. Gates v. Woodford, 334
19 F.3d 803, 817 (9th Cir.  2003), overruled on other grounds by Ryan v. Gonzales, 133 S. Ct.
20 (2013).

21 IV. Discussion

22 In his unverified motion, petitioner fails to identify the authority under which he seeks to
23 stay this action.  Moreover, petitioner claims he has sought to be re-sentenced under Miller, but
24 offers no evidence to support such claim.  But even if he has sought to be re-sentenced under
25 Miller, it is unclear whether petitioner's request for re-sentencing will be granted.  Rather,
26 petitioner states that the hearing has been continued.  Petitioner did not provide a copy of the
27 document he filed in state court.  Petitioner provides no evidence, documentary or otherwise, that
28 reflects the nature of the pending request or what type of hearing the superior court is holding,

that demonstrates his request for re-sentencing has been granted by the superior court, or that he will be re-sentenced.[4]

However, if the superior court grants re-sentencing under Miller, a new judgment and sentence will issue, and petitioner's new judgment and sentence would not be rendered until "conclusion of direct review or by the expiration of the time for seeking such review." Burton, 549 U.S. at 156-57. Under this scenario, AEDPA's one-year statute of limitations period would begin to run anew once the new judgment and sentence becomes final. Burton, 549 U.S. at 156-57; Hess v. Ryan, 651 F.Supp.2d 1004, 1021 (D. Ariz. 2009) ("[T]his court is bound to apply the rule adopted by the Ninth Circuit and expressed in Burton, that finality for limitations purposes is calculated from a resentencing judgment."); Cooper v. Harrington, No. Civ. S-09-3093 FCD DAD P, 2010 WL 1644508, at *3 (E.D. Cal. Apr. 21, 2010) ("Where, as here, the California Court of Appeal remands a case to the Superior Court to issue an amended judgment to reflect the appellate court's opinion, the petitioner's conviction becomes final for purposes of federal habeas review upon conclusion of direct review of the amended judgment or upon expiration of time for seeking such review.")

Moreover, if the superior court grants the request and re-sentences him, and petitioner is dissatisfied and files an appeal,[5] this court would lose habeas jurisdiction based on the new judgment and re-sentence. Under Ninth Circuit precedent, "a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is true even if, as here, the claims raised in the federal petition are fully exhausted.

---

[4] In an abundance of caution, the court reviewed the Sacramento County Superior Court's Public Access System, which reflects that in People v. Abella, Case No. 08F04720, hearings were held on July 10, 2015, and October 30, 2015, in Department 12, for "Other," but were continued. Public Case Access, Sacramento Superior Court, <https://services.saccourt.ca.gov/Public CaseAccess/Criminal>, accessed December 3, 2015. A future hearing is set for January 29, 2016, at 9:00 a.m., in Department 12 for "Other." Id. The website offers no definition of "other," and provides no information as to the nature of the hearings or of petitioner's request.

[5] In his motion, petitioner claims he may amend his federal petition if the re-sentencing is not "fair." (ECF No. 24 at 2.) However, petitioner would be required to first exhaust his state court remedies prior to raising such a claim in federal court.

1    See Sherwood, 716 F.2d at 634.  Thus, if petitioner appeals from any re-sentencing, the instant
2    petition becomes premature, and this court would lose habeas jurisdiction.  Petitioner would have
3    to wait for the outcome of any appeal from such re-sentencing, as well as any petition for review
4    he filed with the California Supreme Court, before challenging the new judgment and sentence in
5    federal court.  Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998) ("When there is a
6    pending state penalty retrial and no unusual circumstances, we decline to depart from the general
7    rule that a petitioner must await the outcome of the state proceedings before commencing his
8    federal habeas corpus action."); see also Reber v. Steele, 570 F.3d 1206, 1209-10 (10th Cir. 2009)
9    (concluding that the federal courts lacked jurisdiction over petitioner's application for habeas
10   relief because the state trial court had struck the sentence originally imposed pursuant to
11   stipulation and no new sentence had been imposed when the federal habeas petition was filed).

12         The instant action is in a different procedural posture.  Although there appears to be a
13   request pending in the superior court, no direct appeal is pending.  Petitioner's conviction remains
14   final at this time.  Moreover, at the time Sherwood issued in 1983, the AEDPA had not yet been
15   enacted, so the prisoner was not facing a statute of limitations bar or the rule barring second or
16   successive petitions under 28 U.S.C. § 2244(b)(1).[6]  Given these concerns, as well as the unique
17   procedural posture posed by petitioner's request pending in the state court, it is unclear whether
18   the typical stay and abey procedure is appropriate.  Rather, it may be that a temporary stay under
19   the court's inherent authority, pending resolution of petitioner's request for re-sentencing in the
20   superior court is resolved, would be more appropriate.  See Siqueiros v. Clark, 2010 WL 2724089
21   (N.D. Cal. July 8, 2010) (where prisoner's request for stay did not fall directly under either
22   Rhines or King, sixty day stay granted to allow petitioner to provide further briefing).  It is
23   unclear whether counsel for respondent would object or stipulate to such a stay.
24   ////
25   ////
26
27   [6] Thus, even if petitioner's request for re-sentencing under Miller is denied by the superior court,
     petitioner would face a second or successive petition bar if this court proceeded to decide the
28   three exhausted claims raised in the instant petition while petitioner appealed his Miller claim.

V. <u>Conclusion</u>

Accordingly, petitioner's motion for stay is denied without prejudice. In light of the January 29, 2016 hearing presently set in the Sacramento County Superior Court, petitioner is relieved of his obligation to file a traverse, and is granted an extension of time in which to renew his motion for stay. Petitioner shall renew his motion for stay on or before February 26, 2016, and is cautioned that he must provide evidentiary support for the stay. In the meantime, the court is amenable to staying the case pending resolution of petitioner's request in the superior court if the parties agree; such stipulation should be submitted to the court on or before January 20, 2016. If the parties fail to stipulate and petitioner renews his motion for stay, the motion shall be briefed pursuant to Local Rule 230(m).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay (ECF No. 24) is denied without prejudice;

2. Petitioner is relieved of his obligation to file a traverse pending further order of the court;

3. Petitioner is granted leave to renew his motion for stay on or before February 26, 2016; and

4. Any stipulation that this action be stayed pending resolution of petitioner's request for re-sentencing in the Sacramento County Superior Court may be submitted on or before January 20, 2016.

Dated:  December 7, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/abel0424.staydn